FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANJANETTE S. PETEN,

                Plaintiff,

                          ORDER
-against-                     15-CV-0872 (JFB)(ARL)

STERICYCLE, INC.,

                Defendant.
------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On February 10, 2015, *pro se* plaintiff Anjanette S. Peten ("plaintiff") commenced this action against Stericycle, Inc. ("Stericycle" or "defendant") for alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. (ECF No. 1.)[1] On June 21, 2017, defendant moved for summary judgment on all claims. (ECF No. 43.) The parties completed briefing on July 31, 2017, and the Court referred the motion to Magistrate Judge Lindsay for a report and recommendation on October 18, 2017. (ECF No. 52.)

On December 21, 2017, Magistrate Judge Lindsay issued a Report and Recommendation ("R&R") recommending that the Court grant defendant's motion for summary judgment in its entirety and that plaintiff's complaint accordingly be dismissed. (ECF No. 53.) More specifically, with respect to plaintiff's Title VII claims, Magistrate Judge Lindsay found that plaintiff failed to offer any evidence that she suffered an adverse employment action or that the alleged workplace treatment occurred under circumstances giving rise to an inference of discrimination. (*See* R&R

---

[1] The complaint additionally asserted an "unfair pay practices" claim, which the Court dismissed on August 4, 2016. (ECF No. 28.)

1

at 11-13.) As for plaintiff's ADA claims, Magistrate Judge Lindsay found that plaintiff failed to produce any evidence of intentional discrimination or a failure by Stericycle to make reasonable accommodations. (*See* R&R at 13-19.) Plaintiff submitted objections to the R&R on January 5, 2018. (ECF No. 54.) Defendant subsequently submitted a response to plaintiff's objections. (ECF No. 55.) For the reasons that follow, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with plaintiff's objections and defendant's responses), the Court adopts Magistrate Judge Lindsay's thorough and well-reasoned R&R in its entirety.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Plaintiff raises several scattershot objections to the R&R, but none establishes a genuine dispute as to any material fact preventing summary judgment. Many objections simply reiterate plaintiff's arguments in opposition to summary judgment—each of which was thoroughly considered by Magistrate Judge Lindsay. For example, plaintiff repeats that Stericycle increased her workload because of her disability and that she was reprimanded for leaving her seat while a white female coworker was permitted to take breaks. However, Magistrate Judge Lindsay correctly found that plaintiff failed to provide any evidence that Stericycle increased her workload—let alone that it did so because of her disability.[2] (R&R at 13-16.) With respect to the white female coworker, Magistrate Judge Lindsay correctly found that plaintiff did not provide any evidence to establish that the woman was a proper comparator. (R&R at 13.)

Several other objections raise only immaterial disputes of fact. For instance, plaintiff argues that (1) an additional Stericycle employee participated in the October 11, 2013 conference call; (2) she was hired to work up to four (as opposed to six) hours on weekdays; (3) she never asked for two-hour breaks; and (4) the December 13, 2013 physician accommodation form was not sent "in response to" Stericycle's December 12, 2013 letter, but instead as further support for her accommodation request. Plaintiff fails to cite any evidence supporting these objections, but even if they were supported, they would not create a dispute as to any material fact. Similarly, plaintiff's objections regarding whether she received notice of the December 26, 2013 conference call and whether Stericycle employees attempted to contact her on March 13, 2014 do not raise genuine disputes of material facts. As Magistrate Judge Lindsay correctly found, the uncontroverted evidence in the record established that plaintiff was unwilling to participate in

---

[2] Magistrate Judge Lindsay also correctly concluded that, as a matter of law, neither the alleged reprimand for leaving her desk nor an increase in workload amounted to an adverse employment action under Title VII. (R&R at 11-12.)

discussions with Stericycle regarding the accommodations required for her disability.[3] (R&R at 17-19.)

Thus, having reviewed the R&R *de novo*, the Court adopts Magistrate Judge Lindsay's R&R in its entirety and grants summary judgment to defendant on all claims. Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly and close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2018
Central Islip, NY

---

[3] In fact, plaintiff's objections concede that, when Stericycle employees requested a conference call in January 2014, she responded that she "would not participate in another conference call." (ECF No. 54 at 2.)

4